IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| ALLEN LEE HOLLIE, SR., | :: | CIVIL ACTION NO. |
| Plaintiff, | :: | 3:05-CV-0002-JTC |
| | :: | |
| v. | :: | |
| | :: | |
| DEE STEWART, | :: | PRISONER CIVIL RIGHTS |
| Sheriff, Spalding County, | :: | 42 U.S.C. § 1983 |
| CAPT. MICHAEL RAY, | :: | |
| Spalding County Detention Center, | :: | |
| Defendants. | :: | |

## ORDER AND OPINION

Now before the Court are Plaintiff's Complaint [Doc. 1] and Defendants' Motion to Dismiss [Doc. 11].

### I. PLAINTIFF'S COMPLAINT

In his complaint, Plaintiff alleges generally that the conditions at the Spalding County Detention Center are "well below the level of standards for living for any jail or correctional facility" and, therefore, violate the constitutional rights of the inmates. [Doc. 2 at 1.] Plaintiff asked for the following relief: leave to proceed in forma pauperis; "class action status"; appointment of counsel; injunctive relief against all forms of reprisal by "Respondents [sic] Sheriff's Department" or any other agent of County and State government; appointment of a special monitor to oversee the

improvement of the conditions at the Spalding County Detention Center; and "all other rights and privileges this Court may deem just and fair." [Id. at 6-7.]

## II. STANDARD FOR MOTION TO DISMISS

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a federal court accepts as true "all facts set forth in the plaintiff's complaint" and "limits its consideration to the pleadings and exhibits attached thereto." Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.11 (11th Cir. 2005) (noting that "federal courts view the allegations of the complaint in the light most favorable to the plaintiff . . . and accept all reasonable inferences therefrom") (internal quotations omitted). "At the motion-to-dismiss stage, a complaint may be dismissed . . . only if it appears beyond a doubt that [the plaintiff] can prove no set of facts . . . ." that would entitle him to relief. Id. at 1288 (internal quotations omitted).

## III. DISCUSSION

Previously, this Court granted Plaintiff in forma pauperis status and denied his separate motions for class certification and appointment of counsel. [Doc. 9 at 6.] Defendants argue in their motion to dismiss that they enjoy Eleventh Amendment immunity from Plaintiff's remaining claims for relief, and, therefore, this action should be dismissed. [Doc. 11 Mem. of Law at 2.]

2

A Georgia Sheriff enjoys Eleventh Amendment immunity from a § 1983 claim for money damages or other retrospective relief brought against him in his official capacity.  See Purcell v. Toombs County, 400 F.3d 1313, 1325 (11th Cir. 2005) (concluding that a Georgia Sheriff "functions as an arm of the State [not the County] when promulgating policies and procedures governing conditions of confinement" at a county jail, and, therefore, the Sheriff was "entitled to Eleventh Amendment immunity from [a] suit [for money damages] in his official capacity").  "At the same time, § 1983 contemplates, and the Eleventh Amendment does not foreclose, an action against a state official in his official capacity where the plaintiff seeks only prospective, injunctive relief."  Powell v. Barrett, 376 F. Supp. 2d 1340, 1345 (N.D. Ga. 2005).  In addition, the Eleventh Amendment does not protect a state official from claims brought against him in his individual capacity.  See Hafer v. Melo, 502 U.S. 21, 30-31 (1991) (holding that "the Eleventh Amendment does not erect a barrier against suits to impose individual and personal liability on state officials under § 1983" and that "state officers [are not] absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts") (internal quotations omitted).

3

As noted above, Plaintiff apparently seeks only prospective, injunctive relief. Such relief would be available in this action, despite the Sheriff's Eleventh Amendment immunity, if Plaintiff were still incarcerated at the Spalding County Detention Center.[1]  However, Plaintiff has been transferred to Ware State Prison in Waycross, Georgia. [See Doc. 8.] Therefore, Plaintiff's claims for prospective relief from Defendants are now moot. See McKinnon v. Talladega County, 745 F.2d 1360, 1363 (11th Cir. 1984) (stating "[t]he general rule . . . that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief").

Accordingly, because Plaintiff seeks only prospective relief in this action, it is due to be dismissed as moot. See Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001) (noting that "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and . . . . dismissal is required because mootness is jurisdictional") (citation omitted).

---

[1] The same conclusion applies to Defendant Michael Ray, even if he also is immune in his official capacity from § 1983 claims for retrospective relief. See Bunyon v. Burke County, 306 F. Supp. 2d 1240, 1255 (S.D. Ga. 2004) (holding that a Sheriff's deputies are entitled to the same Eleventh Amendment immunity as the Sheriff).

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 11] is **HEREBY GRANTED**, and the instant action is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 5th   day of August, 2006.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)